IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TOY, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>TRIWIRE ENGINEERING SOLUTIONS, INC., *et al.*,<br><br>        Defendants.<br>_____/ | No. C 10-1929 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING LEAVE TO AMEND THE COMPLAINT** |

Defendants' motions to dismiss the complaint are scheduled for a hearing on September 3, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motions and GRANTS leave to amend the complaint.

**BACKGROUND**

Plaintiff Jason Toy filed this putative class action in state court against defendants TriWire Engineering Solutions, Inc., Comcast Corporation, Comcast Cable Communications Management LLC, and Does 1-60. The first amended complaint alleges that TriWire and Comcast employed Toy as a cable technician to install, disconnect, and upgrade cable television and computer services for consumers throughout California. First Amended Compl. ("FAC") ¶ 1. Plaintiff alleges he "was not exempt from [California and federal] overtime requirements, and was not paid overtime in accordance with the law." *Id*. ¶ 6. Plaintiff also alleges that his employment was terminated in or about March 2009. *Id*.

The FAC also alleges that Comcast "aided and abetted" TriWire in its alleged violations of the

law "with full knowledge that TriWire was not complying with California and Federal wage compensation laws." *Id*. ¶ 5. The complaint alleges that "by shifting responsibility for the installation of Comcast equipment to TriWire and knowingly allowing TriWire to systematically underpay its cable technicians including plaintiff and all class members, Comcast was able to unfairly compete in the market place by reducing the true costs of installing and servicing its equipment through the use of laborers paid less than lawful wages." *Id.*

The FAC alleges four causes of action: (1) unfair, unlawful and fraudulent business practices under California Business & Professions Code § 17200, against all defendants; (2) late payment of wages in violation of California Labor Code §§ 201-203, against TriWire; (3) failure to pay overtime compensation in violation of California Labor Code § 1198, against all defendants; and (4) California Private Attorney General's Act penalties pursuant to California Labor Code § 201, 203, 510, 512, 558, 1194, 1197.1, 1198 and 2802, against TriWire.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Factual specificity

Defendants contend that the FAC fails to allege any facts that demonstrate that plaintiff is entitled to relief. Defendants argue that the FAC simply alleges that plaintiff worked for TriWire as a cable technician and that his employment ended sometime in March 2009, and that there are no factual allegations regarding plaintiff's employment and how defendants violated plaintiff's rights under the labor laws.

In response, plaintiff has filed a proposed second amended complaint ("SAC") that adds more allegations, and adds an additional named plaintiff, Chiedu Nwamuo. The main difference between the FAC and the SAC is the addition of numerous allegations in support of plaintiff's "joint employer" theory of liability against Comcast. *See* SAC ¶ 7(a)-(ppp).[1] The proposed SAC also includes more specific and extensive allegations regarding the common questions of law and fact affecting the class members, including a more specific statement of the various alleged wage and hour violations. *Id*. ¶ 10(a)-(aa).

Defendants contend that the proposed SAC is still deficient because the proposed complaint does not contain any specific factual allegations regarding the experiences of the named plaintiffs. The Court

---

[1] In its motion, Comcast moved to strike the joint employment allegations in the FAC, arguing that plaintiff had failed to allege facts in support of "the *Bonnette* factors" used to determine a finding of joint employment. *See Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465 (9th Cir. 1993), *disapproved of on other grounds in Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). Comcast's reply does not directly challenge the joint employment allegations in the proposed SAC, and the Court finds that the amplified joint employment allegations are sufficient as a pleading matter.

3

1 agrees. While the proposed SAC contains more allegations regarding the types of alleged labor
2 violations, the proposed complaint does not contain any facts specific to the two named plaintiffs aside
3 from their dates of employment and job titles. The Court will grant plaintiff leave to amend the
4 complaint to allege a factual basis for the claims alleged in the complaint.

## II. Overtime/piece work

TriWire contends that plaintiff's claim for overtime pay is without merit because TriWire's system of compensation complies with California and federal law. TriWire notes that the proposed SAC challenges TriWire's "piece rate compensation system." SAC ¶ 16(l). The proposed SAC alleges that "TriWire paid class members according to a pure piece rate compensation system in which work time not constituting piece work was not compensated." *Id*. The proposed SAC also alleges TriWire did not pay overtime compensation in addition to the piece rate, and that class members regularly worked more than eight hours per day and were not provided compensation for that work. *Id*. ¶ 16(n)-(o).

TriWire asserts that "TriWire calculated Plaintiff's overtime compensation by first calculating his regular rate of pay for the pay period. This was done by dividing the amount Plaintiff earned during the pay period by the amount of time it took him to complete the task. If Plaintiff worked more than eight hours in a day or forty hours in a week, TriWire would pay Plaintiff overtime compensation for these overtime hours based on his regular rate for that pay period." TriWire's reply at 3:24-4:1. TriWire contends that California and federal law authorize this payment system.

The Court finds that TriWire's arguments raise factual issues that cannot be resolved on a motion to dismiss. Indeed, the cases cited by TriWire for the proposition that its overtime compensation system is lawful were both decided on a full factual record. *See Medrano v. D'Arrigo*, 336 F. Supp. 2d 1053 (N.D. Cal. 2007) (summary judgment); *Arementa v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005) (bench trial). In the event this litigation proceeds, TriWire may renew its arguments in a motion for summary judgment. TriWire's motion to dismiss the overtime claims is DENIED.

## III. Aiding and abetting

Comcast has moved to strike portions of the FAC alleging that Comcast "aided and abetted" in

4

1 TriWire's violations of wage and hour laws. Plaintiff's aiding and abetting allegations are one of
2 several alternative bases for Comcast's liability under the UCL claim. Comcast contends that aider and
3 abettor liability may only arise when either the statute specifically allows for such a claim, or when the
4 acts at issue constitute an intentional tort. Plaintiff does not dispute that the statutes that plaintiff claims
5 that Comcast violated do not give rise to an independent claim for "aiding and abetting" a violation of
6 the law, nor does plaintiff contend that any of the alleged statutory violations derive from tort law.

Instead, plaintiff contends that a defendant may be held liable for aiding and abetting under the UCL regardless of whether the underlying statutory violation provides for such liability, or whether the conduct at issue is tortious. However, the authority cited by the parties discusses aiding and abetting liability under the UCL in the context of fraud and/or intentional tort. *See People v. Toomey*, 157 Cal. App. 3d 1, 14-15 (1984) (holding president of company could be held liable under UCL for aiding and abetting unfair and misleading business practices, and noting that "All parties to a conspiracy to defraud are directly liable for all misrepresentations made pursuant to such conspiracy . . . ."); *In re First Alliance Mortg.* Co., 471 F.3d 977, 993 (9th Cir. 2006) (discussing the "proper standard [under California law] for imposing liability for aiding and abetting a tort"); *see also Schultz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 93 (2007) ("Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person . . . knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act . . . . This is consistent with Restatement Second of Torts, which recognizes a cause of action for aiding and abetting in a civil action . . . .") (internal citations omitted)). In addition, the federal district court cases cited by plaintiff involve UCL claims in the context of consumer or mortgage fraud, and none of the cases analyze the issue of whether the UCL broadly imposes aiding and abetting liability outside of either a tort context or where an underlying statute allows such liability. In the absence of any authority supporting plaintiff's aiding and abetting theory, the Court concludes that the UCL does not provide for such liability. Accordingly, the Court GRANTS defendant's motion to strike the aiding and abetting allegations.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendants' motions to dismiss and

5

GRANTS plaintiff leave to file a second amended complaint no later than **September 17, 2010.**

**IT IS SO ORDERED.**

Dated: September 1, 2010

SUSAN ILLSTON
United States District Judge