IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TOY and CHIEDU NWAMUO,<br><br>        Plaintiffs,<br><br>  v.<br><br>TRIWIRE ENGINEERING SOLUTIONS, INC., *et al..*,<br><br>        Defendants.<br>                                                  / | No. C 10-1929 SI<br><br>**ORDER DENYING DEFENDANT TRIWIRE'S MOTION TO DISMISS** |

Defendant TriWire Engineering Solutions, Inc. has filed a motion to dismiss plaintiffs' Third Amended Complaint. The motion is scheduled for hearing on January 21, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. The case management conference scheduled for January 21, 2011 at 2:30 pm remains on calendar. Having considered the papers submitted, the Court DENIES defendant TriWire's motion.

**BACKGROUND**

Plaintiff Jason Toy ("Toy") initiated this putative class action in state court against defendants TriWire Engineering Solutions, Inc., Comcast Corporation, Comcast Cable Communications Management LLC, and Does 1-60. Defendants removed the case to federal court. Def's Notice of Removal of Lawsuit to Federal Ct 1, Docket No. 1. The Court dismissed plaintiffs' First Amended Complaint ("FAC") and proposed Second Amended Complaint ("SAC") and granted plaintiffs leave to amend the complaint.

Plaintiffs Toy and Chiedu Nwamuo ("Nwamuo") filed a Third Amended Complaint ("TAC"). The TAC alleges that TriWire and Comcast employed Toy and Nwamuo as "cable technicians to install, disconnect, and upgrade cable television, voice and data services" for consumers throughout California. TAC ¶ 1. Plaintiffs allege they were "not exempt from [California and federal] overtime requirements, and were not paid overtime in accordance with the law." *Id.* ¶ 10. Plaintiffs claim they are unable to determine the exact manner in which pay was calculated. *Id.* ¶ 11. For example, the TAC alleges Nwamuo received pay stubs which did not indicate hours worked, but simply stated a flat amount of payment for the period. *Id.* ¶¶ 11-12. The TAC additionally alleges that TriWire failed to accurately record the class members' hours worked, and that per company policy class members did not regularly "clock in and out of work." *Id.* ¶ 13.

In addition to failing to make overtime payments, plaintiffs allege that defendants failed to compensate plaintiffs for "all time spent working while employed by TriWire." TAC 16. Plaintiffs also allege that they never received their last paychecks. *Id.* ¶ 12. Plaintiffs allege they were not paid for attending "mandatory staff meetings, safety meetings, and other meetings." *Id.* ¶ 18. For example, plaintiffs allege they were required to attend, but were not compensated for, "a meeting at which they were informed Comcast would no longer be employing class members." *Id.* ¶ 22. The TAC alleges that Nwamuo cleaned out TriWire's warehouse and was not compensated. *Id.* ¶ 20. Additionally, plaintiffs allege they were regularly denied meal and rest breaks. *Id.* ¶ 17.

Beyond failing to compensate plaintiffs for all hours worked, plaintiffs allege that TriWire failed to reimburse employees for company expenses. *Id.* ¶ 20. For example, "Nwamuo received $66 per pay period for vehicle related expenses, but that amount did not cover" his expenses. *Id*. Plaintiffs allege both of their employments terminated in 2009. *Id.* ¶ 10.

The TAC alleges five causes of action: (1) unfair, unlawful and fraudulent business practices under California Business & Professions Code § 17200, against all defendants; (2) late payment of wages in violation of California Labor Code §§ 201-203, against TriWire; (3) failure to pay overtime compensation in violation of California Labor Code § 1198, against all defendants; and (4) California Private Attorney General's Act penalties pursuant to California Labor Code §§ 201, 203, 210, 510, 512, 558, 1194, 1197.1, 1198 and 2802, against TriWire.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendant contends that the TAC fails to allege any facts that demonstrate that plaintiffs are entitled to relief. Defendant argues that the TAC simply alleges that plaintiffs worked for TriWire as cable technicians and that their employment ended sometime in March 2009, and that there are no factual allegations regarding plaintiffs' employment and how defendants violated plaintiffs' rights under

the labor laws.

The Court disagrees. The TAC contains sufficient factual allegations regarding the types of alleged labor violations to put defendant on notice of plaintiffs' claims. The TAC, for example, alleges that plaintiffs never received their last paychecks and were required to attend a meeting for which they were never paid. Additionally, the TAC alleges that Nwamuo was underpaid for vehicle related expenses, receiving $66 per pay period, and was not paid at all for cleaning out TriWire's warehouse.

The cases cited by TriWire in support of the motion to dismiss are distinguishable. In *Villegas v. JP Morgan Chase & Co.*, No. C 09-00261, 2009 U.S. Dist. LEXIS 19265, at *12 (N.D. Cal. Mar. 9, 2010), the court held that pleading that the plaintiff worked more than forty hours a week may have been sufficient, but granted the defendant's motion to dismiss because the plaintiff did not actually allege than she worked more than forty hours a week. Similarly, in *Anderson v. Blockbuster*, No. 2:10-cv-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 5384, at *6-8 (E.D. Cal. Mar. 11, 2010), the complaint contained only conclusory allegations that the plaintiff worked more than forty hours a week, and did not contain additional specific allegations like those alleged here, such as that plaintiffs were not compensated for projects, meetings, and work weeks. The other cases cited are similarly inapposite. *See Zhong v. August August Corp.*, 498 F. Supp.2d 625, 630 (S.D.N.Y. 2007) (dismissing claims for unpaid overtime due to directly contradictory factual allegations); *Harding v. Time Warner, Inc.,* 2010 U.S. Dist. LEXIS 5896, at *14-15 (S.D. Cal. Jan. 26, 2010) (dismissing complaint containing only conclusory allegations); *Jones v. Casey's General Stores*, 538 F. Supp.2d 1094, 1102-1103 (S.D. Iowa 2008) (same).

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES TRIWIRE's motion to dismiss. Docket No. 32.

**IT IS SO ORDERED.**

Dated: January 24, 2011

SUSAN ILLSTON
United States District Judge

4